IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff. | §<br>§<br>§ | NO: 4:21-cv-00325 |
| V. | §<br>§<br>§ | |
| (1) 369 SWEET BAY AVENUE,<br>PLANTATION, FL 33324<br>INCLUDING ALL BUILDINGS,<br>APPURTENANCES, AND<br>IMPROVEMENTS THEREON, | §<br>§<br>§<br>§<br>§<br>§ | |
| (2) 366 SWEET BAY AVENUE,<br>PLANTATION, FL 33324<br>INCLUDING ALL BUILDINGS,<br>APPURTENANCES, AND<br>IMPROVEMENTS THEREON, | §<br>§<br>§<br>§<br>§<br>§ | |
| (3) 3535 S. OCEAN DRIVE, UNIT 2901,<br>HOLLYWOOD, FL 33019<br>INCLUDING ALL BUILDINGS,<br>APPURTENANCES, AND<br>IMPROVEMENTS THEREON, | §<br>§<br>§<br>§<br>§<br>§ | |
| (4) 3843 OAK RIDGE CIRCLE,<br>WESTON, FLORIDA 33331<br>INCLUDING ALL BUILDINGS,<br>APPURTENANCES, AND<br>IMPROVEMENTS THEREON,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States of America, Plaintiff, alleges as follows:

Nature of the Action

1. This is an action to forfeit property to the United States pursuant to a violation of 18 U.S.C. § 1084 (Transmission of wagering information), 18 U.S.C. § 1955 (Illegal Gambling Business), 18 U.S.C. §§1956 and 1957 (Money Laundering), and 18 U.S.C. § 371 (Conspiracy to commit said criminal offenses).

Defendant in Rem

2. The Defendant Property is the real property located at:

   a. 369 Sweet Bay Avenue, Plantation, Florida 33324. According to a land survey, the property was further described as: THE ENCLAVE 143-26 B PORTION OF TRACT A DESC AS:COMM AT NE COR OF TRACT B(143-26B),W1468.07 ALG N/L,S 1726.01 TO POB SE 140,SWLY ARC DIST 65.10,SW 140,NW 115.34,NE 115.34 TO POB TOGETHER WITH:COMM NE COR TR B,W 1468.07,S 1726.01 TO POB,SW 41.97,SW 28.18,SW 46.65,NE 115.34 TO POB AKA: LOT 381 & STRIP ABUTTING LOT 381 HAWKS LANDING, and

   b. 366 Sweet Bay Avenue, Plantation, Florida 33324. According to a land survey, the property was further described as: THE ENCLAVE 143-26 B PART OF TRACT A DESC'D AS,COMM AT NE COR OF TR B OF THE ENCLAVE2ND SEC,WLY 1383.79 ALG N/L OF TR B,S 1647.27 TO POB,SELY FOR 115.34,SWLY 140.00,SWLY 65.10, NWLY 140.00,NELY 115.34 TO POB AKA: LOT 382 HAWKS LANDING, and

   c.    3535 S. Ocean Drive, Unit 2901, Hollywood, Florida 33019. According to a land survey, the property was further described as: DIPLOMAT OCEANFRONT RESIDENCES CONDO UNIT 2901 PER CDO BK/PG: 43233/746, and

   d.    3843 Oak Ridge Circle, Weston, Florida 33331. According to a land survey, the property was further described as: SECTORS 8,9 AND 10 PLAT (BLOCKS 1-10) 161-3 BLOT 36 BLK 1.

(hereinafter, "Defendant Property").

## Jurisdiction and Venue

3. The Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

4. The Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

## Basis for Forfeiture

6. The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it is any property, real or personal, which constitutes or is derived from the proceeds traceable to a violation of 18 U.S.C. §§ 371, 1084, and 1955; and the property is subject to forfeiture pursuant to 18 U.S.C. 981(a)(1)(A)

because it is any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957.

Facts

7. The facts and circumstances supporting the forfeiture of the above-described property are contained in the Affidavit of Homeland Security Investigations Special Agent Nicole Hendricks, which is attached hereto and incorporated herein by reference and summarized below:

a. An investigation by law enforcement disclosed the criminal activities of Clarence Gary Austin (hereinafter, "Austin"), and others located in the United States and Costa Rica. Austin is the owner and operator of the Costa Rican based sports book wagering website, TRADEWINDS, which Austin has operated illegally via the Internet at www.trdwd.com, and www.trdwd.ec, within the jurisdiction of the United States since at least 1998. Individuals operating as bookmakers (also known as agents) located throughout the U.S. utilize the TRADEWINDS sports wagering website as a means to allow their group of bettors to place wagers on college and professional sporting events and then access the "Agent Only" portion of the website. The "Agent Only" site allows the bookmakers to easily manage large illegal gambling operations by viewing and/or obtaining automated reports reflecting their bettors' weekly wagering activities with balances to be collected or paid out.

b. The collection of losses and payouts of winnings between bookmakers and their bettors occur within the borders of the United States. The monetary arrangement between Austin and bookmakers utilizing TRADEWINDS is a percentage split of the

winnings/losses of the bookmaker's group of bettors, usually a 50/50 split or with Austin taking a larger percentage, sometimes up to 75%. A portion of AUSTIN'S/TRADEWINDS' U.S. clients are large individual bettors that place wagers directly on the website and deal directly with Austin or his operatives to settle up winnings or losses.

c. Austin's illegal Internet gambling enterprise has produced in excess of $22 million in illegal proceeds during its operation. The investigation disclosed that Austin has established an intricate domestic and international money laundering organization and methods to surreptitiously conduct monetary transactions with the bookmakers and bettors located in the U.S. in order to ultimately receive and utilize the illicit earnings.

d. Austin has set up numerous domestic and offshore corporations, business entities, and trusts, many with nominee owners and for no legitimate activity. Austin has obtained U.S. and international bank accounts, many in the names of the aforementioned corporations or nominees, in order to introduce the illegal proceeds into the U.S. and international banking systems. Austin and his operatives then funnel and transfer the illegal proceeds to other domestic and offshore bank accounts under their control, all in an attempt to disguise the true source, nature and ultimate beneficial owner of the illicit funds generated by the operation of the illegal Internet sports wagering website.

e. The four real properties comprising the Defendant Property were purchased during the time Austin operated the illegal gambling business in his name, or in the name of

nominee corporations. Austin has no legitimate income except a monthly social security check he receives.

Potential Claimants

Potential claimants to the Defendant Property may include:

a. Clarence Gary Austin – 366 Sweet Bay Avenue, Plantation, Florida 33324, and

b. Three Waters SA – 369 Sweet Bay Avenue, Plantation, Florida 33324, and

c. Pacheco Coto – 3535 S. Ocean Drive, Unit 2901, Hollywood, Florida 33019, and

d. Clarence Gary Austin – 3843 Oak Ridge Circle, Weston, Florida 33331.

Claim for Relief

The United States respectfully requests that the Court forfeit Defendant Property to the United States, award costs and disbursements in this action to the United States, and order any other relief that the Court deems appropriate.

Respectfully submitted,

NICHOLAS J. GANJEI
Acting United States Attorney

/s/
Kevin McClendon
Assistant United States Attorney
State Bar No. 13408620
101 East Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, Nicole Hendricks, hereby state that:

1. I am a Special Agent with Homeland Security Investigations.

2. I have read this Complaint, and the information contained herein is true and correct to the best of my knowledge.

3. The information contained in this Complaint comes from the official files and records of the United States, statements from other law enforcement officers, and my investigation of this case.

I state and verify under penalty of perjury that the foregoing is true and correct.

Dated: 4/19/2021

Nicole Hendricks
Special Agent
Homeland Security Investigations

## CERTIFICATION OF FILING OF MOTION TO SEAL

Pursuant to Local Rule CV-5(a)(7)(A), undersigned counsel certifies that on April 23, 2021, Plaintiff filed a Motion to Seal Affidavit Supporting the Complaint for Forfeiture In Rem. [Doc. #2]

/s/ Kevin McClendon
Kevin McClendon
Assistant United States Attorney